UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-13-TAV-DCP |
| | ) | |
| CHARLES WILLIS and | ) | |
| STEPHANIE WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Charles Willis's Motion to Continue Trial and Reset Deadlines [Doc. 23], filed on February 23, 2026, and Codefendant Stephanie Willis's Motion to Join Motion to Continue [Doc. 24], filed the same date.

Defendant Charles Willis asks the Court to continue the current trial date, which is set for March 31, 2026, as well as all associated pretrial deadlines, including the pretrial motion deadline and plea deadline [*Id*.]. In support of his motion, he states that his counsel has received discovery and is in the process of reviewing the materials with him, including a scheduled in-person meeting for further case evaluation [*Id*. ¶ 3]. Defendant Charles Willis represents that his counsel needs additional time to fully assess discovery, evaluate potential pretrial motions, and competently advise him regarding case posture and potential resolution [*Id*. ¶ 4]. The motion reflects that he knowingly and voluntarily agrees to a continuance of the trial date and waives his rights under the Speedy Trial act for the period of the requested continuance [*Id*. ¶ 5]. The motion further reflects that the Government does not oppose the proposed continuance [*Id*. ¶ 7].

Codefendant Stephanie Willis filed a Motion to Join Motion to Continue, in which she represents that she is similarly situated to Defendant Charles Willis and seeks the same relief [Doc. 24 p. 1]. She agrees that all the time between this motion and the trial date is excludable for speedy trial act purposes [*Id.*].

Based upon the information contained in Defendant Charles Willis's motion, with which Codefendant Stephanie Willis joins, and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendants need time to review discovery with Defendants, consider pretrial motions and potential resolutions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the March 31, 2026 trial date.

The Court therefore **GRANTS** Defendant Charles Willis's Motion to Continue Trial and Reset Deadlines [**Doc. 23**] and Codefendant Stephanie Willis's Motion to Join Motion to Continue [**Doc. 24**]. The trial of this case is reset to **August 4, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on February 23, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

2
Case 3:26-cr-00013-TAV-DCP    Document 25    Filed 03/05/26    Page 2 of 3    PageID #: 66

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Charles Willis's Motion to Continue Trial and Reset Deadlines [**Doc. 23**] and Codefendant Stephanie Willis's Motion to Join Motion to Continue [**Doc. 24**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **August 4, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **February 23, 2026**, and the new trial date of **August 4, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline to file pretrial motions is **April 6, 2026**, and responses to the pretrial motions are due on **April 20, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 6, 2026**;

(6) the deadline for filing motions *in limine* is **July 20, 2026**, and responses to motions *in limine* are due on or before **July 28, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **July 16, 2026, at 1:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 2, 2026**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge